IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2011

**STATE OF TENNESSEE v. ROY A. JAMISON, JR.**

**Direct Appeal from the Circuit Court for Hardin County**
**No. 9191    C. Creed McGinley, Judge**

_____

**No. W2010-02314-CCA-R3-CD - Filed October 20, 2011**

_____

The Defendant, Roy A. Jamison, Jr., pled guilty to possession with the intent to deliver .5 grams or more of cocaine, a Class B felony, with a possible sentence range of eight to twelve years.  The trial court sentenced the Defendant to ten years and ordered the Defendant to serve the first year of his sentence in the Tennessee Department of Correction and the balance in the Community Corrections Program. On appeal, the Defendant contends the trial court erred when it: (1) used the Defendant's criminal history to enhance his sentence; and (2) sentenced him to confinement.  After a thorough review of the record and relevant authorities, we conclude the trial court properly sentenced the Defendant.  Accordingly, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Richard W. DeBerry, Camden, Tennessee , for the Appellant, Roy A. Jamison. Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Hansel McCadams, District Attorney General, and Eddie N. McDaniel, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I. Facts**

This case arises from the Defendant's arrest in Hardin County for the sale of crack cocaine, a Schedule II drug.  According to the affidavits supporting the Hardin County

indictments against the Defendant and according to the Defendant's presentence report, on or around January 16, 2008, and while serving a probationary sentence for a separate offense, the Defendant sold approximately 4.4 grams of crack cocaine to an undercover informant for $300.00. In March 2010, a Hardin County grand jury indicted the Defendant for possession of a Schedule II controlled substance with intent to deliver. *See* T.C.A. § 39-17-417 (a)(4)(c)(1) (2009) . The Defendant pled guilty on August 16, 2008, and agreed to allow the trial court to determine the manner and length of his sentence. During the hearing, the State gave the following summary of the factual basis for the Defendant's plea:

> [I]f this matter went to trial, the State would be able to show on the 16th of January, 2008, this Defendant did possess, with intent to deliver, a substance identified by the TBI Crime Lab as cocaine, a Schedule II [drug] in the weight amount of 4.4 grams, therefore violating Tennessee Code Annotated [section] 39-17-417.

Thereafter, the trial court held a sentencing hearing wherein the State submitted the presentence investigation report into evidence. The presentence report indicates that the Defendant has been previously convicted of eight drug-related crimes, both felonies and misdemeanors. The report indicates that, since 1991, the Defendant's criminal history contains numerous convictions, many involving cocaine and at least nine sentences involving probation. The Defendant's criminal history includes: five traffic-related offenses, three convictions for possession and delivery of Schedule II drugs, three convictions for possession of controlled substances, two convictions for casual exchange of drugs, one simple assault conviction, one conviction for assault of a police officer, one resisting arrest conviction, two evading arrest convictions, one theft conviction, and one conviction for issuing bad checks. The presentence report shows that the Defendant committed three cocaine felony offenses in 1994, for which he served one year of an effective sentence of three years incarcerated with the remainder of the sentence probated. The Defendant was ultimately discharged from this sentence in 2000. The Defendant committed three drug-related misdemeanor offenses between his discharge in 2000 and the January 16 , 2008, offense in question. The Defendant did not commit any other drug-related felonies until the offense at issue in this case. He did, however, receive probation for a term of eleven months and twenty-nine days for possession of a controlled substance and for evading arrest, both misdemeanors, in McNairy County. The January 16, 2008, felony drug offense violated that McNairy County term of probation. The presentence report also indicates that the Defendant has been previously granted probation and, on numerous occasions, violated his probation sentence.

At the Defendant's sentencing hearing, the trial court considered the Defendant's "significant criminal history," which contains more convictions than necessary to establish the applicable range, as a "strong enhancing factor" applicable to the sentence. The

Defendant did not file any mitigating factors. The trial court, relying upon the presentence report, found that the Defendant's history of drug-related criminal conduct required a sentence of confinement. The trial court sentenced the Defendant to ten years for his felony drug conviction. The trial court ordered that one year of the ten year sentence be served in the Tennessee Department of Correction and the remainder be served in a Community Corrections program. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it: (1) used the Defendant's criminal history to enhance his sentence; and (2) ordered he serve part of his sentence in confinement. The State responds that the trial court properly sentenced the Defendant within the applicable range and properly exercised its discretionary authority to deny full probation.

### 1. Enhancement Factors

The Tennessee Criminal Sentencing Reform Act of 1989 and its amendments describe the process for determining the appropriate length of a defendant's sentence. Under the Act, a trial court may impose a sentence within the applicable range as long as the imposed sentence is consistent with the Act's purposes and principles. T.C.A. § 40–35–210(c)(2), (d) (2009); *see State v. Carter*, 254 S.W.3d 335, 343 (Tenn.2008). The Tennessee Code allows a sentencing court to consider the following enhancement factor, as relevant to this case, when determining whether to enhance a defendant's sentence: "(1) The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." T.C.A. § 40-35-114(1) (2009). If an enhancement factor is not already an essential element of the offense and is appropriate for the offense, then a court may consider the enhancement factor in its length of sentence determination. T.C.A. § 40-35-114 (2009). In order to ensure "fair and consistent sentencing," the trial court must "place on the record" what, if any, enhancement and mitigating factors it considered as well as its "reasons for the sentence." T.C.A. § 40-35-210(e) (2009).

Before the 2005 amendments to the Sentencing Act, both the State and a defendant could appeal the manner in which a trial court weighed enhancement and mitigating factors it found to apply to the defendant. T.C.A. § 40-35-401(b)(2) (2003). The 2005 amendments deleted as grounds for appeal, however, a claim that the trial court did not properly weigh the enhancement and mitigating factors. *See* 2005 Tenn. Pub. Acts ch. 353, §§ 8-9. In summary, although this Court cannot review a trial court's weighing of enhancement factors, we can review the trial court's application of those enhancement factors. T.C.A. § 40-35-401(d) (2006); *Carter*, 254 S.W.3d at 343.

3

The Defendant is a Range I standard offender, and possession of a Schedule II (4.4 grams of cocaine) controlled substance with intent to deliver is a Class B felony. T.C.A. § 39-17-417(a)(4)(c)(1) (2009). Therefore, the appropriate range for the Defendant's conviction is eight to twelve years. T.C.A. § 40-35-112(a)(2) (2009). The Defendant disputes the trial court's application of the enhancement factor of the Defendant's criminal history. The record shows that the State adequately established the Defendant had previously been convicted of possession of Schedule II drugs and delivery of Schedule II drugs, among numerous other offenses presented in the presentence report. Further, the record shows that the Defendant previously violated his probation, committing a felony while on probation. Therefore, the trial court properly applied this enhancement factor. The Defendant is not entitled to relief on this issue.

## 2. Sentence of Confinement

The Defendant contends that the trial court erred when it ordered he serve part of his sentence in confinement. The State responds that the trial court sentenced the Defendant within the applicable range and properly exercised its discretionary authority.

When a defendant challenges the length, range or manner of service of a sentence, this Court must conduct a *de novo* review of the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2009). As the Sentencing Commission Comments to this section note, the burden is on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401 (2009), Sentencing Comm'n Cmts. This means that, if the trial court followed the statutory sentencing procedure, made findings of facts which are adequately supported in the record, and gave due consideration to the factors and principles relevant to sentencing under the 1989 Sentencing Act, Tennessee Code Annotated section 40-35-103, we may not disturb the sentence even if a different result was preferred. *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court which are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); *State v. Smith*, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994).

In conducting a *de novo* review of a sentence, we must consider: (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing, (4) the arguments of counsel relative to sentencing alternatives, (5) the nature and characteristics of the offense, (6) any mitigating or enhancement factors, (7) any statements made by the defendant on his or her own behalf and (8) the defendant's potential or lack of potential for rehabilitation or treatment. *See* T.C.A. § 40-35-210 (2009); *State v. Taylor*, 63

4

S.W.3d 400, 411 (Tenn. Crim. App. 2001).

To meet the burden of establishing suitability for full probation, or a non-incarcerative sentence, a defendant must demonstrate that full probation will subserve the ends of justice and the best interests of both the public and the defendant. *State v. Blackhurst*, 70 S.W.3d 88, 97 (Tenn. 2001). The following criteria, while not controlling the discretion of the sentencing court, shall be accorded weight when deciding the defendant's suitability for full probation: (1) the nature and circumstances of the criminal conduct involved; (2) the defendant's potential or lack of potential for rehabilitation; (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense; and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes. T.C.A. §§ 40-35-103(1)(B), -103(5), -210(b)(4) (2009); *see also Blackhurst*, 70 S.W.3d at 97.

In the case under submission, the Defendant is eligible for full probation because his sentence is ten years or less (subject to certain statutory exclusions not relevant here). T.C.A. § 40-35-303(a) (2009). Although full probation must be automatically considered by the trial court as a sentencing alternative whenever the defendant is eligible, "the defendant is not automatically entitled to probation as a matter of law." T.C.A. § 40-35-303(b) (2009), Sentencing Comm'n Cmts.

The trial court sentenced the Defendant to ten years and ordered him to serve one year in confinement and the balance to be served in a Community Corrections program. The trial court found that, based upon the circumstances of the offense and the Defendant's significant criminal history, full probation was not appropriate in this case. The trial court based its denial of full probation upon its sound findings that the Defendant has a long history of criminal conduct and numerous convictions, including previous offenses involving cocaine, theft, simple assault, and issuing bad checks. *See* T.C.A. §§ 40-35-103(5), -210(b)(4) (2009). Further, the record supports the trial court's finding that the Defendant has previously been unsuccessful when ordered to a sentence of probation. *See* T.C.A. § 40–35–103(1)(c) (2009) ("Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant"); *State v. Hooper*, 29 S.W.3d 1, 5 (Tenn. 2000); *State v. Ashby*, 823 S.W.2d 166, 170 (Tenn. 1991). The evidence does not preponderate against the trial court's finding that the offense required a term of confinement. *See* T.C.A. § 40-35-210(b)(4) (2009). Thus, and because the Defendant has failed to demonstrate that full probation will subserve the ends of justice and the best interests of both the public and himself, we conclude the trial court properly denied the Defendant full probation, ordering him to serve one year of the ten-year sentence in confinement and the remainder in a Community Corrections program. *See Blackhurst*, 70 S.W.3d at 97. The Defendant is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the trial court properly sentenced the Defendant. As such, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

6